-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL MCCRAY, 05R2512,

        Plaintiff,

-v-

MICHAEL S. FURMAN, Sargeant;
JOHN DOE, Correction Officer;
JOHN DOE, Correction Officer;
JANE DOE, Nurse;
SHAWN KERBIN, Leutinent;
DAVID F. NAPOLI, Superintendent;
JASON S. HAYES, Correction Officer;
ROBERT K. DILDINE, C.O.;
DANIEL J. CORTER, SGT.;
MICHAEL SHEAHAN, Captain;
MARK DELAURO, Nurse;
BERNARD WOJNAREK, Nurse Administrator;
DIANA L. WEED, Nurse;
BRENDAN OAKES, Nurse;
JOHN VON HAGN, Nurse Administrator;
DR. HALUSKA, Health Services Director;
BRIAN FISCHER, Commissioner NYS DOCS;
and LESTER N. WRIGHT, Chief Medical Officer;

        Defendants.

DECISION AND ORDER
07-CV-0258A(Sr)

---

    Plaintiff, who is incarcerated in the Southport Correctional Facility, was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and his complaint was ordered by the Court to be served. Plaintiff has filed an amended complaint. Because no responsive pleading has yet been filed, plaintiff is entitled to file an amended complaint. Federal Rule of Civil Procedure 15. Plaintiff's amended complaint has been screened by the Court with respect to the 28 U.S.C. §§ 1915(e) and 1915A criteria.

Plaintiff's amended complaint may go forward at this stage, except that plaintiff's claims against all defendants in their official capacities are dismissed. The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity. *See Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 98-100 (1984). It is well-settled that states are not "persons" under § 1983, and thus Eleventh Amendment immunity is not abrogated by that statute. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 65-66 (1989). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Plaintiff may therefore sue the defendants in their official capacity only if they consent to be sued. *Pennhurst,* 465 U.S. 89 at 199-201. Since none have consented, the Eleventh Amendment bars the plaintiff's suit against the defendants in their official capacity, to the extent that such claims have been made. Plaintiff's claims against all defendants in their official capacities are dismissed.

Plaintiff had incorporated exhibits into his original complaint, which are not attached to the amended complaint. These exhibits form part of the amended complaint and must be served therewith. Because the exhibits are interspersed in the complaint with each relevant claim, it would be burdensome to segregate them from the complaint for service with the amended complaint. Therefore, the original complaint will be served with the amended complaint, solely for purposes of making the exhibits attached thereto part of the amended complaint which the defendants will answer.

Accordingly, the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Amended Complaint, Complaint and this

Order upon the named defendants without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the amended complaint.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: August 14, 2007
Rochester, New York