**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**MICHAEL MCCRAY,**

                            **Plaintiff,**                    **07-CV-0258A(Sr)**

**v.**

**MICHAEL S. FURMAN, et al.,**

                            **Defendants.**

---

## REPORT, RECOMMENDATION AND ORDER

Plaintiff commenced this action on April 18, 2007, while he was incarcerated at the Southport Correctional Facility.  Dkt. #1.

On September 12, 2007, the Court issued an Order of Preliminary Pretrial Conference in another case commenced by plaintiff, *McCray v. Selsky*, which advised plaintiff that it was his responsibility to keep the Court informed of his current address and that his failure to respond to an Order of the Court could result in dismissal of his action on the merits.  Civ. No. 07-CV-179, Dkt. #18.

According to the New York State Department of Correctional Services ("DOCS"), plaintiff was released from custody on October 11, 2007.  *See* http://nysdocslookup.docs.state.ny.us.

By letter filed October 31, 2007, plaintiff advised the Court that he had been

released from prison and asked the Court to reschedule the preliminary pretrial conference set for November 1, 2007 in *McCray v. Selsky* because he was moving on that date and because he wanted to obtain an attorney to represent him.  Civ. No. 07-CV-179, Dkt. #22.  Plaintiff stated that he would inform the Court of his new address following his move.  Civ. No. 07-CV-179, Dkt. #22.

By text order filed November 1, 2007 and mailed to plaintiff at the address he provided in his previous letter, the Court granted plaintiff's request and directed plaintiff to provide the Court with his current address so that the preliminary pretrial conference could be rescheduled.  Civ. No. 07-CV-179, Dkt. #23.  Plaintiff failed to contact the Court as directed.

By Decision and Order filed January 28, 2008 the Court directed the plaintiff to show cause, in writing received by the undersigned at 416 U.S. Courthouse, Buffalo, New York no later than February 25, 2008**,** why that matter should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Civ. No. 07-CV-179,  Dkt. #25.  The Court advised the plaintiff that his failure to comply with this Order would result in the dismissal of this action with prejudice.  Civ. No. 07-CV-179, Dkt. #25.  That Decision and Order was returned to the Court with the notation "Return to Sender – Attempted not Known."

The defendants in the instant case answered plaintiff's complaint on February 4, 2008.  Dkt. #7.   On February 6, 2008, the Hon. Richard J. Arcara issued an

Order referring this matter to the undersigned, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #8.  Plaintiff's copy of the referral order was returned with the notation "Not Deliverable as Addressed."

On February 29, 2008, this Court entered a Decision and Order dismissing Civ. No. 07-CV-179 for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Civ. No. 07-CV-179, Dkt. #26.  The Decision and Order was also returned as undeliverable.

Rule 5.2(d) of the Local Rules of Civil Procedure provides that

> A party appearing pro se must furnish the Court with a current address at which papers may be served on the litigant.  Papers sent to this address will be assumed to have been received by plaintiff.
>
> In addition, the Court must have a current address at all times.  Thus, a *pro se* litigant must inform the Court immediately in writing of any change of address.  Failure to do so may result in dismissal of the case with prejudice.

Although plaintiff was advised of his obligation to keep the Court informed of his current address, and acknowledged that responsibility in writing to the Court, he has failed to  do so and has not had contact with the Court in more than five months.  As a result, the Court is unable to proceed with a preliminary pretrial conference on a case that has been pending for a year.  Defendants' ability to investigate plaintiff's allegations are also being compromised by plaintiff's absence from these proceedings.  The Court can fathom no rational alternative than to recommend dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b).

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the

-4-

portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to plaintiff at his last known address and to counsel for the defendants.

**SO ORDERED.**

DATED:          Buffalo, New York
               April 16, 2008

                                        /s/ *H. Kenneth Schroeder, Jr.*
                                        _____
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**